IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT JARED SMITH,

          Petitioner,

v.                                          CIVIL ACTION NO.  2:05-cv-00431
                                          (Criminal No. 2:99-cr-00198)

UNITED STATES OF AMERICA,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [Docket 542]. This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the court grant the petitioner's § 2255 motion.

Neither party filed objections to the Magistrate Judge's findings and recommendation. The failure of a party to object to a Magistrate's findings and recommendation constitutes a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Nevertheless, the district court should not accept a Magistrate Judge's recommendation that contains an error of law apparent on its face. *Camby v. Lester*, 718 F.2d 198, 199-200 (4th Cir. 1983). The

court has reviewed the findings and recommendation and **FINDS**, for reasons stated herein, that the Magistrate Judge's recommendation contains a clear error of law.

## I.    Factual Background

The petitioner, Robert Jared Smith, was convicted by a jury of conspiracy to distribute cocaine base and aiding and abetting the distribution of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). On November 17, 2000, Judge Haden sentenced petitioner to life in prison. Mr. Smith filed the following objections to his presentence report: (1) relevant conduct (quantity of drugs); (2) two-level enhancement for firearm possession; (3) four level enhancement for leadership role; and (4) ownership of drugs thrown from a car on January 28, 1999. During the sentencing hearing, the district judge heard testimony from several witnesses with respect to the quantity of drugs. The district judge found that the petitioner was responsible for more than 500 grams but less than 1.5 kilograms of cocaine base, which raised his offense level to 36. The court added two additional points for possession of a firearm during the life of the drug conspiracy. The court granted the four point enhancement for the petitioner's leadership role in the drug conspiracy raising the total offense level to 42. Finally, the court calculated that the defendant had seven criminal history points, which gave him a criminal history category of IV. The applicable Sentencing Guideline range was 360 months to life in prison. The court imposed the maximum sentence of life in prison.

Petitioner retained attorney Benjamin L. Bailey to represent him on his first appeal of right. On appeal, the Fourth Circuit vacated and remanded the sentence upon finding that the court committed clear error in imposing a four-level enhancement for the Mr. Smith's leadership role in the offense, despite the "total absence of evidence as to Smith's . . . aggravating role." *United States*

*v. Sayles*, 296 F.3d 219, 227 (4th Cir. 2002). On remand, absent the four-level enhancement, the applicable Guideline range was reduced to 324-405 months imprisonment. At the petitioner's resentencing, on November 4, 2002, the district judge sentenced Mr. Smith to 405 months imprisonment on the conspiracy charge and 240 months for the aiding and abetting charge. The sentences were to run concurrently. Mr. Smith again appealed, however, this time he retained court appointed attorney, Joan Mooney. The first brief filed by Ms. Mooney was non-compliant and was struck by the court. The court granted Ms. Mooney additional time to file another brief. Ms. Mooney filed an *Anders* brief on February 17, 2004 arguing that the evidence was insufficient to support Mr. Smith's conspiracy conviction.

The Fourth Circuit affirmed the petitioner's sentence on June 8, 2004. *United States v. Smith*, 98 F. App'x 962, 963 (4th Cir. 2004). In the opinion, the Fourth Circuit included its customary *Anders* language requiring that counsel inform her client, in writing, of his right to petition the United States Supreme Court for further review and if he so requested that "a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in [the Fourth Circuit] to withdraw from representation." *Id.*

On June 25, 2005, the day after the Supreme Court issued *Blakely v. Washington*, 542 U.S. 296 (2004), and in accordance with her duties pursuant to the Fourth Circuit's implementation of the Criminal Justice Act of 1984 ("CJA plan"),[1] Ms. Mooney sent Mr. Smith a letter stating:

> I received the order of the Fourth Circuit denying your appeal on June 10, 2004. The judges did not buy any of our arguments, and did not come up with any on their own. You have a right to have a

---

[1] *See* Plan of the United States Court of Appeals for the Fourth Circuit, In Implementation of the Criminal Justice Act, § V, ¶ 2 (July 14, 2005); Criminal Justice Act, 18 U.S.C. § 3006A (2006).

> Petition for Certiorari filed with the United States Supreme Court, and I will do that for you if you request.
> I certainly wish we would have achieved a better result and that you are doing well. Please let me know if you want me to file the Petition, and on what issue.

(Gov't Second Resp. Ex. A). Mr. Smith states that he received the letter on or about June 30, 2004. (Petr.'s Mem. and Aff. 7). Mr. Smith contends that he requested that Ms. Mooney file a petition for certiorari and that she agreed to do so. (*Id.*) On the other hand, Ms. Mooney states that she spoke with Mr. Smith after the letter was sent and advised him that she did not believe he had a meritorious basis for filing a writ of certiorari. (Mooney Aff. ¶ 2.) Ms. Mooney also states that she advised petitioner that he could file a habeas petition based on the issue of the state police chemists that were on his case. (*Id.*) Ms. Mooney thought that petitioner understood her opinion of his case and admitted that she did not promptly move to withdraw as counsel as required by the CJA plan but believed she would assist petitioner with his habeus petition. (*Id.*) Although petitioner asserts that he requested that Ms. Mooney file a writ of certiorari, he did not make this request in writing as is required by the CJA plan. Petitioner alleges that Ms. Mooney erred by failing to follow his request to file a petition for writ of certiorari with the Supreme Court after the Fourth Circuit had affirmed his second sentence.

On May 23, 2005, the petitioner, acting pro se, filed the instant § 2255 motion. As the Magistrate Judge noted, petitioner's grounds for relief can be boiled down to the following: (1) that Mr. Smith should be re-sentenced pursuant to *United States v. Booker*, 543 U.S. 220 (2005); and (2) that Mr. Smith was denied effective assistance of appellate counsel. His other claims are reiterations of these issues.

**II. Discussion**

The Magistrate Judge recommended that the court grant petitioner's motion. The Magistrate Judge found that Ms. Mooney's representation of Mr. Smith fell below an objective standard of reasonableness in that she failed to preserve the petitioner's right to pursue his direct appeal to the United States Supreme Court. Thus, the Magistrate Judge concluded that the petitioner was denied effective assistance of counsel in connection with his post-*Blakely* appeal and he suffered prejudice because there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different and petitioner's case likely would have been remanded for proceedings consistent with *Booker*. (Prop. Find. & Rec. 23.) Accordingly, the Magistrate Judge recommended that I resentence Mr. Smith. For the following reasons, the court cannot accept the Magistrate Judge's findings and recommendation.

Ms. Mooney informed petitioner of his right to file a petition for certiorari, but her representation went no further to preserve petitioner's direct appeal. Though Ms. Mooney may have been advised by petitioner that he wished to have Ms. Mooney file a petition for writ of certiorari in light of *Blakely*, Ms. Mooney did not follow through in a timely fashion.[2]

The competency of appellate counsel's representation of Mr. Smith is irrelevant in this case unless petitioner can make out a valid constitutional claim. Before I can decide whether Mr. Smith was deprived of the constitutional right to the effective assistance of counsel, I must first determine whether he had this right in the first place.

---

[2] *See* Sup. Ct. R. 13 (allowing ninety days from the issuance of the judgment or order sought to be reviewed for submission of a writ of certiorari).

The constitution guarantees a criminal defendant the right to the effective assistance of counsel on his first appeal as of right. *Evitts v. Lucey,* 469 U.S. 387 (1985). But the constitution does not require counsel be provided to a defendant seeking to file a certiorari petition in the United States Supreme Court. *Ross v. Moffitt*, 417 U.S. 600, 617–18 (1974). Mr. Smith's assertion of a right to the effective assistance of counsel must rest on one of two premises. He must argue either that (1) a constitutional right to the effective assistance of counsel can exist even when there is no constitutional right to counsel; or (2) counsel's advice is properly characterized as advice in his continuing role as direct appellate counsel, not certiorari counsel.

I must reject the first argument. In *Wainwright v. Torna*, 455 U.S. 586 (1982) (per curiam), the Supreme Court made clear that the right to effective assistance of appellate counsel is derived entirely from the constitutional right to appellate counsel and the former cannot exist where the latter is absent. The Court stated, "Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel." *Id*. at 587–88. *Torna* applied to state criminal defendants pursuing discretionary state appeals, but "it is impossible to escape the conclusion that the logic of *Torna* is equally applicable to petitions for certiorari: because *Moffitt* found there to be no right to counsel in connection with the filing of certiorari petitions, there must be no corresponding right to the effective assistance of counsel." *Miller v. Keeney*, 882 F.2d 1428, 1432 (9th Cir. 1989).

As Judge Kozinski stated in *Miller*, "*Torna* which compels the result in this case, rests on a single proposition: If a state is not constitutionally required to provide a lawyer, the constitution cannot place any constraints on that lawyer's performance." *Id.* (internal citations omitted). I agree with Judge Kozinski that whatever the soundness of this logic, it has not commanded the Court's

respect in other areas of the law. *See, e.g.*, *Goldberg v. Kelly,* 397 U.S. 254 (1970) (although the constitution does not require a state to assist the indigent, if it chooses to do so it must comport with the requirements of due process); *Widmar v. Vincent,* 454 U.S. 263 (1981) (although the constitution does not require a state university to create a forum generally open for use by student groups, once it has done so it may not discriminate against forms of speech protected by the first amendment).

Judge Kozinski continues:

> Moreover, we cannot overlook the irony inherent in the fact that while the constitution does not require a state to provide any direct appeals at all, *Lucey*, 469 U.S. at 393; *McKane v. Durston*, 153 U.S. 684 (1894), once it has done so a number of constitutional requirements spring into place: The state must provide free transcripts to indigent appellants, *Griffin v. Illinois*, 351 U.S. 12 (1956); cannot require indigent appellants to pay a filing fee, *Burns v. Ohio*, 360 U.S. 252 (1959); and must provide an attorney, *Douglas v. California*, 372 U.S. 353 (1963). Why the provision of appellate counsel beyond the first appeal as of right should be treated any differently is not self-evident.

*Id.* Nevertheless, it is what the Supreme Court has held, and it applies to this case as it applied in *Miller*. Because Mr. Smith had no constitutional right to counsel in connection with the filing of a certiorari petition, he had no constitutional right to the effective assistance of counsel for that purpose.

I now turn to the second argument, that the right to counsel continues to exist in the period between losing a direct appeal and filing for discretionary review, so that his attorney was still performing the role of direct appellate counsel when she failed to file the petition within the applicable time limit and did not advise Mr. Smith to file the certiorari petition himself.[3] This argument is squarely foreclosed by *Torna*. 455 U.S. at 586. *Torna* denied the right to counsel to

---

[3] Unlike the mandatory jurisdiction that the United States Courts of Appeals have in first criminal appeals of right, "[r]eview on a writ of certiorari is not a matter of right, but of judicial discretion." Sup. Ct. R. 10 (2006).

a defendant whose petition for discretionary review to the Florida Supreme Court was filed too late. *Id.* at 588. "If *Torna's* right to counsel did not extend to the late filing of a petition for discretionary review, it is difficult to discern a principle according to which the right to counsel could extend to failure to file such a petition altogether." *Miller*, 882 F.2d at 1432.

Though the constitution does not require appellate counsel to continue representation beyond a first appeal of right, the Fourth Circuit's CJA plan does under certain circumstances. Under the Fourth Circuit's CJA plan, appointed attorneys have a duty to pursue certiorari review, if requested by their clients, so long as counsel believes the petition would not be frivolous. *See Austin v. United States*, 513 U.S. 5, 8 (1994); *Proffitt v. United States*, 549 F.2d 910 (4th Cir. 1976), *cert. denied*, 429 U.S. 1076 (1977). Specifically, the plan provides that "counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant." CJA Plan § V, ¶ 2. The requirements imposed upon attorneys by the CJA plan, however, do not create Sixth Amendment rights in the represented.

Ms. Mooney may have failed to abide by the dictates of the Fourth Circuit's CJA plan by failing to file the petition if she was requested to do so. Even if one assumes the request was made in writing, Ms. Mooney was no longer acting as counsel for petitioner's first appeal as of right; that appeal was over and with it Mr. Smith's right to effective assistance of counsel. *Miller*, 882 F.2d at 1433. Ms. Mooney's failure to pursue discretionary review was not a violation of Mr. Smith's constitutional rights and therefore cannot give rise to an ineffective assistance of counsel claim. Indeed, the Supreme Court has held that "In the absence of a constitutional violation, the petitioner

-8-

bears the risk in federal habeas for all attorney errors made in the course of the representation . . . ." *Coleman v. Thompson*, 501 U.S. 722, 754 (1991). Accordingly, the Court held that a petitioner can succeed with an ineffective assistance of counsel claim "only if it is an independent constitutional violation." *Id.* I **FIND** that Mr. Smith was not denied the constitutional right to the effective assistance of counsel when his counsel failed to file a certiorari petition because the constitution guarantees him no such right. I **FIND**, therefore, that a claim for ineffective assistance of counsel cannot be maintained for counsel's failure to comply with the Fourth Circuit's CJA plan.

The court **FINDS** that an error of law apparent on its face exists with respect to the Magistrate Judge's finding that the petitioner had ineffective assistance of counsel. Upon review, the court **FINDS** that petitioner cannot sustain a claim for ineffective assistance of counsel on discretionary review. Accordingly, the court **DENIES** the movant's Motion to Vacate, Set Aside, and Correct Sentence in its entirety.

The court **DIRECTS** the clerk to send certified copies of this Memorandum Opinion and Order to Magistrate Judge Stanley, counsel of record, and to petitioner, pro se.

ENTER: February 13, 2007

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE